Park v Butkow
2026 NY Slip Op 02882
May 7, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ellise Park, Plaintiff-Appellant,
v
Stephen Butkow, Defendant-Respondent.

Decided and Entered: May 07, 2026
Index No. 306738/19|Appeal No. 6552|Case No. 2025-05504|
Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Aronson Mayefsky & Sloan, LLP, New York (Nina S. Gross of counsel), for appellant.
Bikel Rosenthal & Schanfield, LLP, New York (Karen B. Rosenthal of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Ta-Tanisha D. James, J.), entered on or about July 28, 2025, which, to the extent appealed from as limited by the briefs, awarded defendant husband $70,000 in interim counsel fees, unanimously modified, on the law and as a matter of discretion in the interest of justice, to vacate the award without prejudice to renewal upon proper papers, and otherwise affirmed, without costs.
The wife did not expressly oppose the husband's fee application, thereby failing to preserve her challenge to the fee award. Nevertheless, we find it appropriate in this instance to review the issue in the interest of justice (see Yezzi v Small, 206 AD3d 1472, 1477 [3d Dept 2022]).
The husband's motion was based on his claim that the wife inappropriately accessed privileged email communication between the husband and his attorney and then spoliated evidence when she deleted the communications in violation of the preliminary conference order. The wife responded that when the husband moved out of the family home, he left his email application on a tablet that the parties' child used and the child discovered the communications. When the child told the mother, the mother deleted the email application from the device but printed and saved one email, which she later shared with the court-appointed forensic evaluator.
The wife argues that the motion court erred by granting attorney's fees to the husband before it conclusively resolved the privilege issue. However, the relevant inquiry was whether the husband had a reasonable basis to question whether the wife accessed and disseminated other privileged or otherwise sensitive information, which would justify the motion practice and the request for counsel fees. The court found that the wife exercised poor judgment by printing and retaining the email, failing to disclose her possession of it, and ultimately providing it to a forensic evaluator for litigation purposes. It further found that the husband had a good faith basis for his motion and awarded fees. However, it declined to find the wife in contempt of the preliminary conference order or issue spoliation sanctions, since it was not clear that the wife's actions violated the preliminary conference order and the husband's emails remain intact on his email server and other devices. Given the motion court's articulated basis, and the deferential standard governing counsel fee awards, the court's determination that counsel fees are warranted is entitled to substantial deference and the wife's challenge to that determination fails.
[*2]
Nonetheless, the amount of fees awarded was an improvident exercise of discretion because the husband's motion was not supported by a statement of net worth and a copy of his retainer agreement, as required by Domestic Relations Law § 237(a) and 22 NYCRR 202.16(k). The proper course for the court was to decline to entertain the motion or deny it without prejudice to renewal upon compliance with the applicable requirements (see Perrone v Perrone, 224 AD3d 518, 519 [1st Dept 2024]).
The court may dispense with these requirements for good cause shown, such as where the record contains ample information concerning the parties' finances (see e.g. A.G. v G.S., 84 Misc3d 1246[A], 2024 NY Slip Op 51695[U], *4-5 [Sup Ct, NY County 2024]). The court also may overlook defects that do not prejudice a substantial right pursuant to CPLR 2001 (see e.g. Zelenka v Hertz, 230 AD3d 539, 540 [2d Dept 2024], lv dismissed 42 NY3d 1048 [2024]). However, neither circumstance is present here. The husband admitted that he had not submitted updated financial information since February 2020, leaving the court without an adequate basis to assess the parties' relative financial circumstances.
Further, the husband admits that a substantial portion of the time reflected in his billing records did not pertain to the specific issues for which fees were sought and that he nonetheless relied on those records in the aggregate to support his request. In light of these deficiencies, it is unclear what the court relied upon in awarding the husband $70,000 in counsel fees or whether the requested fees were reasonable under the circumstances.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2026